[858 NYS2d 210]

In the Matter of BARRY STEPHEN ZORNBERG, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 29, 2008

**APPEARANCES OF COUNSEL**

*Rita E. Adler*, Hauppauge (*Leslie B. Anderson* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By letter dated August 3, 2007, the respondent informed the Court of his conviction of serious offenses automatically resulting in the revocation of his license to practice law in New York State. Effective July 27, 2007, he ceased the practice of law. The Grievance Committee for the Tenth Judicial District (hereinafter Grievance Committee) has now filed a motion to strike his name from the roll of attorneys, pursuant to Judiciary Law § 90 (4), upon the ground that he has been disbarred upon his conviction of grand larceny in the second degree, pursuant to Penal Law § 155.40, a class C felony, and criminal possession of a forged instrument in the second degree, pursuant to Penal Law § 170.25, a class D felony.

On December 22, 2006, the respondent entered a plea of guilty in the County Court, Suffolk County, to one count of grand larceny in the second degree, pursuant to Penal Law § 155.40, a class C felony, and one count of criminal possession of a forged instrument in the second degree, pursuant to Penal Law § 170.25, a class D felony, in lieu of 50 counts, before the Honorable Michael Mullen.

During the plea allocution, the respondent admitted that, in or about May 2002, he obtained ownership of a house and real property located at 96 Jefferson Avenue, Wyandanch, in Suffolk County, without the permission or authority of its true owner and by false pretenses. The respondent specifically admitted that he obtained ownership of that property by filing false deeds and other instruments with certain public offices, including the Suffolk County Clerk's office. He filed those documents knowing that they were forged.

The respondent was sentenced on July 27, 2007, to a term of probation of five years, restitution in the sum of $534,462, and a mandatory DNA fee in the sum of $50.

Pursuant to Judiciary law § 90 (4), an attorney is automatically disbarred upon his or her conviction of a felony. The respondent was automatically disbarred on December 22, 2006, upon his entry of a plea of guilty to two New York State felonies. Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys is granted, without opposition.

PRUDENTI, P.J., MASTRO, RIVERA, SPOLZINO and SKELOS, JJ., concur.

Ordered that, pursuant to Judiciary Law § 90 (4) (a), the respondent, Barry Stephen Zornberg, is disbarred effective December 22, 2006, and his name is now stricken from the roll

of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b), upon his felony convictions; and it is further,

Ordered that the respondent, Barry Stephen Zornberg, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that, pursuant to Judiciary Law § 90, the respondent, Barry Stephen Zornberg, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.

Ordered that if the respondent, Barry Stephen Zornberg, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance, pursuant to 22 NYCRR 691.10 (f).